# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00358-CV

**Marietta Sepaugh, Individually, and as Next Friend of her minor son, Frank LaGrone, Deceased, Appellant**

**v.**

**Paul LaGrone, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. GN402204, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent.

Marietta Sepaugh alleges that Frank LaGrone's death was proximately caused by Paul LaGrone's failure to comply with a City of Austin ordinance that required him to equip his residence with smoke detectors that sounded an alarm audible in all sleeping areas. LaGrone's obligation to comply with this ordinance, designed to protect not just LaGrone's children but any person in the residence, was not within the realm of discretionary parenting decisions protected by the parental-immunity doctrine.

The parental-immunity doctrine shields a parent from suits brought by an unemancipated minor child arising out of "alleged acts of ordinary negligence which involve a reasonable exercise of parental authority or the exercise of ordinary parental discretion with respect to provisions for the care and necessities of the child." *Felderhoff v. Felderhoff*, 473 S.W.2d 928,

933 (Tex. 1971). In *Felderhoff*, the Texas Supreme Court established guidelines for determining when a parent is immune from liability to his child for alleged acts of ordinary negligence. *See id.* at 932-33. The *Felderhoff* court observed that the objective of the parental-immunity doctrine is to "prevent the judicial system from being used to disrupt the wide sphere of reasonable discretion which is necessary in order for parents to properly exercise their responsibility to provide nurture, care, and discipline for their children." *Id.* at 933. Accordingly, in order for immunity to attach, the act complained of must involve either the exercise of parental authority or the exercise of ordinary parental discretion. *Id.*

In *Felderhoff*, the court considered whether parental immunity barred a negligence claim brought by a fourteen-year-old boy who was injured while working for a farming partnership in which his father was a partner. The boy alleged that his injuries were caused by the negligent acts of his father "in the course and furtherance of the partnership business." *Id.* at 928. The court noted the existence of a legal relationship of employer and employee between the child and his father under which the same legal duties were owed to the child as to any other employee. The court concluded that because the negligent acts were alleged to have been committed "in the course of business activities wholly outside of the sphere of parental duties and responsibilities," parental immunity did not apply. *Id.* at 933. The *Felderhoff* court retained the parental-immunity rule with respect to "acts of ordinary negligence which involve a reasonable exercise of parental authority or the exercise of parental discretion with respect to provisions for the care and necessities of the child." *Id.*

The supreme court next addressed the parental-immunity doctrine in *Jilani v. Jilani*, 767 S.W.2d 671 (Tex. 1988). There, an action was brought on behalf of three minor children for

2

injuries they sustained in an automobile accident caused by the alleged negligence of their father, who had been driving the car. In holding that parental immunity did not apply, the court reasoned that "familial obligations and duties imposed by law and nature are quite different from the general obligation the law imposes upon every driver of an automobile." *Jilani*, 767 S.W.2d at 673. Because the "essence of the alleged negligence was the improper operation of a motor vehicle—an activity not essentially parental," the court concluded that the conduct complained of did not "fall within the sphere of 'reasonable exercise of parental authority or the exercise of ordinary parental discretion' described in *Felderhoff*." *Id.* Consequently, the court held that parental immunity did not bar the claims of the minor children.

Informed by these supreme court decisions, the question presented in this case is whether the alleged negligent act forming the basis of Sepaugh's claims constitutes an "exercise of parental authority or the exercise of ordinary parental discretion" with respect to LaGrone's parental duties. The majority holds that his acts and decisions related to providing a home for Frank and therefore involved an exercise of parental discretion. Sepaugh's claims, however, are directed specifically to LaGrone's alleged failure to provide a functioning smoke-detection system in the house, as required by City of Austin Ordinance No. 000406-78 (April 6, 2000). A violation of this ordinance is punishable by a fine of up to $2,000, Tex. Loc. Gov't Code Ann.§ 54.001 (West 2008), and thus is criminal in nature. LaGrone had no discretion, parental or otherwise, to ignore or fail to comply with requirements of the City's ordinance.

The parental-immunity doctrine has been the subject of much recent criticism. *See generally* Romualdo P. Eclavea, Annotation, *Liability of Parent for Injury to Unemancipated*

3

*Child Caused by Parent's Negligence – Modern Cases*, 6 A.L.R.4th 1066, 1113-25 (1981). Indeed, as of 2001, eleven states had abrogated the doctrine completely. *See Herzfeld v. Herzfeld*, 781 So.2d 1070, 1073-74 (Fla. 2001). But I am not arguing for that result. I believe the law established by the supreme court in *Felderhoff* and *Jilani* easily supports a refusal to apply the doctrine in the present case. This case is not about a parent negligently allowing his child to engage in illegal or dangerous activity. It is about a parent allegedly violating a mandatory ordinance, which led to the death of the child. The City's criminalization of the act underlying Sepaugh's negligence claim removes any discretionary aspect of LaGrone's conduct.

Moreover, the City's ordinance imposed on LaGrone, as a homeowner, a general obligation to install smoke detectors not only for the safety of his children, but for the safety of anyone present in the home. Thus, the City's restriction on the discretion a homeowner can exercise in protecting residents and visitors from the hazards of house fires does not involve a parent's supervision of his children. *See Jilani*, 767 S.W.2d at 673 ("In the present action, the essence of the alleged negligence was the improper operation of a motor vehicle—an activity not *essentially* parental."). Rather, the ordinance imposes on homeowners certain obligations to enhance the safety of any person in the home. Accordingly, the situation here is directly analogous to that in *Jilani*, where the supreme court emphasized that the breach of a legal duty owed to the general public would not be excused merely because the injured party was a child of the tortfeasor:

> The familial obligations and duties imposed by law and nature are quite different from the general obligation the law imposes upon every driver of an automobile. It is the "reasonable discretion" with respect to parental obligations that this court was trying to protect in *Felderhoff*. The immunity is limited to transactions that are essentially parental.

*Id.*

Because the negligent conduct complained of is LaGrone's alleged failure to comply with a mandatory city ordinance—with potential criminal penalties—the negligence alleged does not involve an essentially parental activity. For that reason, permitting a cause of action arising out of that conduct would not interfere with LaGrone's supervision of his children or disrupt the wide discretion he may exercise in discharging his responsibility to provide for their nurture, care, and discipline. I believe that, under these facts and existing legal precedent, the parental-immunity doctrine does not apply. I would reverse the trial court's summary judgment and remand the cause for trial.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed:   August 28, 2009

5